BLD-155                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4367
_____

IN RE:  JAMALUDDIN ALMAHDI, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 3-11-cv-00187)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 16, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed:  January 27, 2014)
_____

OPINION
_____

PER CURIAM

Jamaluddin Almahdi filed this petition for a writ of mandamus seeking an order

compelling the District Court to apply certain case law to its ruling on his motion under

Rule 59(e) of the Federal Rules of Civil Procedure.  For the reasons that follow, we will

deny the petition.

Almahdi was in federal prison in 2011 when he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging certain actions by the Parole Commission.[1] The District Court dismissed the petition in May 2013 for procedural default due to the unexcused failure to exhaust administrative remedies. Almahdi then filed a motion to alter the judgment pursuant to Rule 59(e), in which he argued that he was not required to exhaust administrative remedies for his claims. In July 2013, the Magistrate Judge recommended that the motion be denied. On November 7, 2013, Almahdi filed the instant mandamus petition seeking to compel the District Court to "obey the relevant [case law] . . . on the subject of exhaustion of administrative remedies as it pertains to the case at hand." The next day, November 8, 2013, the District Court entered an order adopting the Magistrate Judge's Report and Recommendation and denied Almahdi's Rule 59(e) motion.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means to obtain the desired relief." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Almahdi has failed to show that he has no other adequate means to challenge the District Court's resolution of his claims. In fact, he has already availed himself of the

---

[1] According to the Inmate Locator on the Federal Bureau of Prisons website, Almahdi was released on January 3, 2014.

proper means for seeking relief: his pending appeal from the District Court's order denying his Rule 59(e) motion, docketed at C.A. No. 13-4788. Any claims of error regarding the District Court's disposition of the motion may be set forth in that appeal. Almahdi may not, however, use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). We will therefore deny the petition.